IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**VICTOR BERNARD WILLIAMS, M.D.**                                            **PLAINTIFF**

V.                                        4:17CV00205 JM

**BAPTIST HEALTH d/b/a BAPTIST HEALTH**
**MEDICAL CENTER, et al**                                                    **DEFENDANTS**

## ORDER

Plaintiff Victor Bernard Williams, M.D. filed suit in this Court on March 31, 2017 against Baptist Health d/b/a Baptist Health Medical Center ("Baptist"), the Surgical Clinic of Central Arkansas (the "Clinic") and several doctors in their individual and/or official capacities for violation of 42 U.S.C. §§ 1981, 1982, 1983, 1985, 1988, the Fourteenth Amendment to the United States Constitution, the tort of abuse of process, tortious interference with contracts and defamation. Defendants Baptist, Doug Weeks, Everett Tucker, M.D., Tim Burson, M.D., Scott Marotti, M.D., Susan Keathley, M.D., Christy Cate, M.D., and the Clinic (collectively the "Baptist Defendants) filed a motion to dismiss Plaintiff's Complaint based upon 1) res judicata, 2) statute of limitations, 3) Baptist Defendants are not state actors, and 4) failure to plead conspiracy claims with factual specificity.

Plaintiff is a surgeon specializing in cardiothoracic, vascular and general surgery. Plaintiff alleges that the Defendants conspired to have his surgical staff privileges revoked at Baptist in 2010, to have the Arkansas Medical Board (the "Board") place restrictions on his ability to practice medicine from 2010 through 2013, and to have the Board revoke his medical license on the basis of his race. Plaintiff alleges that the Defendants retaliated against him for filing a state court action against them and for seeking assistance from the Board to investigate his claim of discrimination.

On February 25, 2014, Plaintiff filed suit against Baptist Health, Doug Weeks, Everett Tucker, M.D., Tim Burson, M.D., Scott Marotti, M.D., Susan Keathley, M.D., and Christy Cate, M.D. in Pulaski County Circuit Court, 60CV-14-808 ("*Williams I*"). The only Baptist Defendant not included in the *Williams I* suit was the Surgical Clinic of Arkansas. In *Williams I*, Plaintiff's claims were based upon the termination of his medical staff privileges by the *Williams I* Defendants. Specifically, Plaintiff asserted the following causes of actions: violation of Article 2, §§ 2, 3, 8, 13, and 21 of the Arkansas Constitution, retaliation and conspiracy to violate the Arkansas Civil Rights Act, tortious interference with contracts, defamation, violation of his civil right to engage in the practice of medicine, and violation of Baptist Health's By-Laws and Professional Staff Rules. The circuit court dismissed all of Plaintiff's claims except for the violation of Baptist's By-Laws and Professional Staff Rules claim. At a bench trial in 2017, the circuit court found in favor of the Defendants on this claim as well. Plaintiff has filed a Notice of Appeal as to all of these claims.

The Baptist Defendants argue in the Motion to Dismiss that the instant case is barred by res judicata because Plaintiff brought essentially the same case in *Williams I*. The claim-preclusion aspect of res judicata bars relitigation of a suit when "(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) the first suit was fully contested in good faith; (4) both suits involve the same claim or cause of action; and (5) both suits involve the same parties or their privies." *Baptist Health v. Murphy*, 373 S.W.3d 269, 278 (Ark. 2010) (citing *Beebe v. Fountain Lake School Dist.*, 231 S.W.3d 828, 635 (Ark. 2006)). "Res judicata bars not only the relitigation of claims that were actually litigated in the first suit, but also those that could have been litigated." *Id.* "Where a case is based on the same events as the subject matter of a previous lawsuit, res judicata will apply even if the subsequent

lawsuit raises new legal issues and seeks additional remedies." *Daily v. Langham*, 522 S.W.3d 177, 181 (Ark. App. 2017).

Plaintiff does not dispute that *Williams I* resulted in a final judgment on the merits, that the circuit court had jurisdiction over the case, and that both the instant case and *Williams* I involved the same parties or their privies. *See Crockett & Brown, P.A. v. Wilson*, 864 S.W.2d 244, 246 (Ark. 1993) ("A judgment may be final for purposes of res judicata even if an appeal is taken."); *Winrock Grass Farm*, 373 S.W.3d 907 (Ark. App. 2010) (Privity of parties within the meaning of res judicata means a person so identified in interest with another that he represents the same legal right.); *Crockett v. C.A.G. Invs., Inc.*, 381 S.W.3d 793, 799 (Ark. 2011) (The Arkansas Supreme Court has "never required strict privity in the application of res judicata...."). Plaintiff argues that *Williams I* was not fully contested and that both suits do not involve the same claims or causes of action.

Plaintiff claims that *Williams I* was not fully contested in good faith because he was not allowed to obtain information related to similarly situated physicians. Pursuant to Arkansas law, the *Williams I* court denied Plaintiff's motions to compel the defendants to produce information regarding physicians who had lost their hospital privileges. Plaintiff argues he could not fully litigate his claims without this information and therefore the claims should not be barred by res judicata. In support of this argument, Plaintiff cites a district court case from the Eastern District of New York, *Johnson v. County of Nassau*, 480 F. Supp. 2d 581 (E.D.N.Y. 2007). In *Johnson*, the plaintiff had filed a previous complaint with the New York State Division of Human Resources ("NYSDHR") alleging race discrimination and unlawful retaliation against him by the Nassau University Medical Center where he was employed. NYSDHR reviewed the evidence and "issued a Determination and Order After Investigation dismissing the Complaint, finding 'no

probably cause.'" *Id*.at 592. The *Johnson* court found that Johnson was not barred by res judicata from bringing the lawsuit because he had not been afforded a hearing at the NYSDR and he was not able to engage in discovery.

Even if *Johnson* were binding on the Court, which it is not, the facts are not analogous to the instant case. The NYSDHR is not a court of law. Johnson was not allowed to do discovery because he did not bring a lawsuit in a court of law. There is no indication that he was allowed to file pleadings in response to motions, or to present evidence to a judge. In the instant case, Plaintiff filed a lawsuit in the Pulaski County Circuit Court. He engaged in discovery, made and responded to motions, and had a bench trial before a judge. *Johnson* is not analogous to the instant case. Plaintiff had an opportunity to litigate *Williams I* in good faith. A judge's determination that certain information could not be obtained by Plaintiff due to Arkansas law does not result in a failure to fully contest the case in good faith.

Plaintiff also claims that there is no identity of claims between the instant case and *Williams I* because (1) there were no federal causes of action presented in *Williams I,* and (2) the federal claims arose after he filed his state court complaint. The claims brought in this action and the claims made in *Williams I* are based upon the same set of facts. Plaintiff was not limited to filing state court claims in state court. He could have filed all of his claims, whether arising under state or federal law, in *Williams I*. "It is well established that claim-splitting is discouraged. All claims must be brought together, and cannot be parsed out to be heard by different courts." *Sparkman Learning Ctr. v. Arkansas Dep't of Human Servs*., 775 F.3d 993, 1000 (8th Cir. 2014) (citing *Elgin v. Dep't of Treasury*, 567 U.S. 1, 132 S.Ct. 2126, 2147, 183 L.Ed.2d 1 (2012) ("Plaintiffs generally must bring all claims arising out of a common set of facts

in a single lawsuit, and federal district courts have discretion to enforce that requirement as necessary to avoid duplicative litigation." (quotations and citations omitted)).

Plaintiff's argument that certain claims arose as a result of filing *Williams I*, or at the time of his medical license revocation in April 2014, is also flawed. In the *Williams I* Complaint, Plaintiff states:

> Plaintiff seeks to have the court enjoin the hearing scheduled to be held in April 2014, as well as injunctive and/or declaratory relief declaring that the Board may not place any further restrictions on Plaintiff's ability to practice medicine, to the extent that such restrictions purportedly relate to the issues being raised in this case.

(*Williams I* Complaint, ECF No. 30-1 at p. 13-14).

\* \* \*

> That the Plaintiff have permanent injunctive relief against the Arkansas State Medical Board preventing and precluding the continuation of any conduct or actions taken by the Board in furtherance of the conspiracy being practiced against Plaintiff;
> That the Plaintiff have a temporary injunction against the Arkansas State Medical Board requiring the Board to stay its disciplinary proceedings (hearing scheduled for April, 2014) related to the four cases reported by the hospital defendant pending the resolution of this case by this Court.

(*Williams I* Complaint, ECF No. 30-1 at p. 75).

Plaintiff sought to have the April 2014 hearing regarding the revocation of his medical license enjoined. The state court denied Plaintiff's relief. Plaintiff cannot claim that the revocation of his license on April 2014 created a "new" claim that has not been litigated. The specific issue was before the court in *Williams I*. "The doctrine of res judicata would become meaningless if a party could relitigate the same issue ... by merely positing a few additional facts that occurred after the initial suit." *Misischia v. St. John's Mercy Health Sys.*, 457 F.3d 800, 805 (8th Cir. 2006) (quoting *Dubuc v. Green Oak Township*, 312 F.3d 736, 751 (6th Cir. 2002)).

In conclusion, the Court finds that the claims made in Plaintiff's Complaint are barred by res judicata. The Motion to Dismiss filed by Defendants Baptist, Doug Weeks, Everett Tucker,

M.D., Tim Burson, M.D., Scott Marotti, M.D., Susan Keathley, M.D., Christy Cate, M.D., and the Surgical Clinic of Central Arkansas (ECF No. 30) is GRANTED.

IT IS SO ORDERED this 19th day of September, 2017.

_____
James M. Moody Jr.
United States District Judge