## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**VICTOR BERNARD WILLIAMS, M.D.**                                    **PLAINTIFF**

**V.**                              **4:17CV00205 JM**

**BAPTIST HEALTH d/b/a BAPTIST HEALTH**
**MEDICAL CENTER, et al**                                           **DEFENDANTS**

### ORDER

Pending are the Motions for Summary Judgment filed by James Counce and Charles Mabry. Plaintiff alleges that Dr. Counce and Dr. Mabry conducted a peer review of the records of three of Plaintiff's patients at the request of the Arkansas State Medical Board in 2010. The Arkansas State Medical Board is a state entity. Drs. Counce and Mabry were acting on behalf of the Arkansas State Medical Board when they provided their review and reports.

Arkansas Code Section 17-80-103 provides that no member of a board, or any individual acting on behalf of the board of any profession or occupation classified under the laws of the State of Arkansas as a profession of the healing arts shall be liable in damages to any person for slander, libel, defamation of character, breach of any privileged communication, *or otherwise for any action taken or recommendation made within the scope of the functions of the board* if the board member or the individual acting on behalf of the board acts without malice and in the reasonable belief that the action or recommendation is warranted by the facts known to him or her after a reasonable effort is made to obtain the facts on which the action is taken or the recommendation is made. Ark. Code Ann. § 17-80-103.

There is no evidence in the record that the doctors acted with malice or that they acted with illegal or improper motives. The Court finds that Defendants Counce and Mabry are immune from suit. *See Buser v. Raymond*, 476 F.3d 565, 569 (8th Cir. 2007) ("Even where an

official is not a Board member, and thus he is one step removed from the 'judicial' function of the Board, he nevertheless may be entitled to absolute quasi-judicial immunity if he is engaged in a protected [ ] function.") (internal quotation omitted).

Further, the Court has previously found that the claims made in Plaintiff's Complaint are barred by res judicata. As stated in the previous Order, Plaintiff cannot claim that the revocation of his license in April 2014 created a "new" claim that has not been litigated. The specific issue was before the court in *Williams I*. Plaintiff's claim against Drs. Counce and Mabry are based upon the same facts. Plaintiff did not include Counce and Mabry as defendants but he was well aware of their reports during the time *Williams I* was pending. Res judicata bars Plaintiff's claims against Drs. Counce and Mabry because they could have been litigated in *Williams I*.

The Motions for Summary Judgment filed by Defendants' Counce and Mabry (ECF Nos. 55, 58, 83 and 86) are GRANTED. The Clerk is directed to dismiss Plaintiff's Complaint against Defendants James Counce and Charles Mabry.

IT IS SO ORDERED this 8th day of March, 2018.

_____
James M. Moody Jr.
United States District Judge